1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF WASHINGTON

9

10  ERNEST CLARK HICKS,

11      Plaintiff,                                    NO.  2:16-cv-00019-SAB

12      v.

13

14  BANK OF AMERICA N.A., Beneficiary,    **ORDER RE PLAINTIFF'S**
    QUALITY LOAN SERVICE CORP. OF        **MOTION FOR TEMPORARY**
15  WASHINGTON, Trustee, MORTGAGE        **RESTRAINING ORDER**
    ELECTRONIC REGISTRATION
16  SYSTEMS, INC., Nominee

17      Defendants.

18

19        Before the Court is Plaintiff's Motion for Temporary Restraining Order,

20  ECF No. 5, and companying motion to expedite. ECF No. 4. Also before the Court

21  is Plaintiff's Expedited Motion for Deposit into Court Registry. ECF No. 6.

22  Specifically, plaintiff requests a temporary restraining order preventing the

23  February 5, 2016 Trustee's Sale of Plaintiff's real property. Plaintiff maintains that

24  Defendants acted in bad-faith and in violation of several Washington state laws,

25  the Fair Debt Collections Practices Act, and the Home Affordable Modification

26  Program. Plaintiff filed suit in this Court on January 22, 2016, ECF No. 1, and

27

28

**ORDER RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER** # 1

filed this motion on January 25, 2016. A summons was issued to Defendants on the same day, but does not appear to have been served yet.

On January 28, 2016, Plaintiff and Defendant Quality Loan Service Corporation of Washington ("QLS") filed a Stipulation of Nonparticipation as to QLS. ECF No. 8. The stipulation states that Plaintiff will not seek any monetary damages against QLS, and QLS will not be required to participate in the litigation in this matter, though it will still be bound by any Order or Judgment of this Court. In addition to setting forth QLS's participation in this litigation, the Stipulation indicates that QLS, as the Trustee, will continue the Trustee's Sale of Plaintiff's property from February 5, 2016 to March 18, 2016. Because Plaintiff and QLS stipulate to the continuation of the Trustee's Sale past the date in which this Court could enjoin the sale pursuant to a Temporary Restraining Order under Fed. R. Civ. P. 65(b), the motion for a TRO is moot—as is the accompanying Motion to Expedite. Instead, an in-person hearing on a preliminary injunction will be held prior to March 18, 2016. Additionally, without a TRO, the Court need not require Plaintiff to submit a security payment to the Court's registry. Ongoing payment to the Court's registry may be readdressed during the hearing for a preliminary injunction.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Expedite, ECF No. 4, is **denied as moot.**

2. Plaintiff's Motion for a Temporary Restraining Order, ECF No. 5, is **denied as moot**.

3. Plaintiff's Expedited Motion for Deposit into Court Registry, ECF No. 6, is **DENIED**.

4. An in-person hearing shall be held on a motion for preliminary injunction, subject to service of a motion and accompanying documents on the defendant at 9:00 a.m., on February 19, 2016, unless the parties stipulate to an extension of the hearing.

**ORDER RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** # 2

5.  Any motion for preliminary injunction shall be filed by Plaintiff no later than February 5, 2016. Defendants' Response shall be due by February 12, 2016. Plaintiff's reply, if any, shall be filed by February 17, 2016.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 29th day of January 2016.



Stanley A. Bastian
United States District Judge

**ORDER RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** # 3