UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNEST CLARK HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA N.A., Beneficiary, QUALITY LOAN SERVICE CORP. OF WASHINGTON, Trustee, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Nominee<br><br>    Defendants. | NO.  2:16-cv-00019-SAB<br><br>**ORDER RE STIPULATED PRELIMINARY INJUNCTION** |

   Before the Court is Plaintiff's First Motion for Preliminary Injunction, ECF No. 18, and the parties' Stipulation re First Motion for Preliminary Injunction. ECF No. 19. Plaintiff maintains that Defendants acted in bad-faith and in violation of several Washington state laws, the Fair Debt Collections Practices Act, and the Home Affordable Modification Program. After Plaintiff filed his First Motion for Preliminary Injunction, the parties filed a stipulation and proposed order agreeing that the Trustee's Sale currently scheduled for March 18, 2016, should be enjoined while this action is pending or until further notice of the Court. The parties also

**ORDER RE STIPULATED PRELIMINARY INJUNCTION** # 1

agree Plaintiff should submit regular monthly payments of $2,024.63 into the Court registry, as well as submit an initial payment on the date of this Order.

A party seeking a preliminary injunction must show (1) a likeliness to succeed on the merits, (2) a likeliness of irreparable harm absent an injunction, (3) the balance of equities is in its favor, and (4) an injunction is in the public interest. *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)). Alternatively, a preliminary injunction may be granted with a showing of (1) a likeliness of irreparable harm absent an injunction, (2) the existence of serious questions going to the merits of the case, (3) the balance of hardship tilts sharply toward the plaintiff, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Having reviewed the pleadings, Plaintiff's First Motion for Preliminary Injunction, ECF No. 18, and the Stipulation, ECF No. 19, the Court is satisfied that a preliminary injunction is appropriate.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's First Motion for Preliminary Injunction, ECF No. 18, is **GRANTED**.
2. The Court enjoins any attempt to conduct a Trustee's Sale on any real property of the Plaintiff, Ernest Clark Hicks, by any of the defendants or their agents, or any other person having notice of this Order. Specifically, the Court enjoins the sale of the real property located at 6005 Sunset Highway, Cashmere, WA 98815.
3. Pursuant to Federal Rule of Civil Procedure 65(c) and party stipulation, Plaintiff shall deposit his monthly payment in the amount of $2,024.63 to the Court Clerk. The Plaintiff shall make such a payment on the first day of each month and shall make an initial payment within **TWO working days** of this Order. If the Clerk's office is closed on the first

**ORDER RE STIPULATED PRELIMINARY INJUNCTION** # 2

day of the month, the payment shall be due on the next day the Clerk's office is open. Payment shall be made out to "U.S. District Court." The Clerk's mailing address is:

> District Court Clerk
> United States District Court
> PO Box 1493
> Spokane, WA 99210

4. This preliminary injunction will remain in effect until further Order of this Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of February 2016.



Stanley A. Bastian
United States District Judge

**ORDER RE STIPULATED PRELIMINARY INJUNCTION** # 3